

**ORDERED in the Southern District of Florida on July 10, 2023.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                     CASE NO.    23-15079-BKC-LMI

CTG HOLDING GROUP LLC,
                                                                 Chapter 7

       Debtor.
_____/

### ORDER DISMISSING CASE FOR
### FAILURE OF DEBTOR TO APPEAR VIA COUNSEL

THIS MATTER came before the Court *sua sponte*. CTG Holding Group LLC (the "Debtor") filed its petition for bankruptcy *pro se* on June 29, 2023. The Debtor failed to obtain counsel by the deadline of July 6, 2023 (ECF #3). Local Rule 9010-1(B)(1) prohibits a corporation or other business entity from appearing in court or acting on its own behalf in a case or proceeding without an attorney.

1

The Debtor is an artificial entity that cannot appear or act on its own behalf in this case except through an attorney licensed to practice before this Court. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President, Dirs., and Co. of the Bank of the U.S.*, 22 U.S. 738, 830 (1824)); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). "[T]he rationale for that rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 202. Artificial entities like corporations and partnerships are unable to represent themselves and "the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation." *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (quoted in *Palazzo*, 764 F.2d at 1385).

The Debtor is not represented by counsel in this case. The Debtor's failure to file the petition through counsel is cause for dismissal of the case. *See Palazzo*, 764 F.2d at 1386 (dismissal of corporation's claims for lack of proper representation); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (action or motion filed by a corporation appearing without a licensed attorney should be dismissed or denied).[1] Accordingly, it is ORDERED:

1. This case is DISMISSED.

2. The Court reserves jurisdiction on the Motion for Stay Relief (ECF #7).

###

Copies furnished to:
All parties in interest

---

[1] B&B Capital Group 26 LLC ("B&B") filed a *Motion for Relief from the Automatic Stay* (ECF #7) (the "Motion for Stay Relief") on July 6, 2023. The Court will address the Motion for Stay Relief by separate order.

*The Clerk of Court shall serve a copy of this order upon all interested parties who do not receive service by CM/ECF.*